Filed 5/19/22  P. v. Dulin CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LANNIE DANA DULIN,<br><br>Defendant and Appellant. | H048768<br>(Santa Clara County<br>Super. Ct. No. C1888291) |

Defendant Lannie Dana Dulin pleaded no contest to grand theft by an employee, embezzlement, and forgery.  He admitted allegations that he took property exceeding $1.3 million.  The trial court imposed a total term of five years eight months in prison and ordered restitution in the approximate amount of $2 million.

We appointed counsel, who filed an opening brief stating the case and the facts but raising no specific issues.  We notified Dulin of his right to submit written argument on his own behalf within 30 days, and we received no response.

We have reviewed the entire record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude there is no arguable issue and we will affirm the judgment.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. Procedural Background

The prosecution charged Dulin with three counts: count 1—grand theft by an employee of property with a value exceeding $950 (Pen. Code, § 487, subd. (b)(3))[1]; count 2—embezzlement by a private employee of property with a value exceeding $950 (§ 504); and count 3—forgery of checks with a value exceeding $950 (§ 470, subd. (d)). The prosecution alleged Dulin took property with a value exceeding $200,000 (§ 12022.6, subd. (a)(2)), and a value exceeding $1.3 million (§ 12022.6, subd. (a)(3)). The prosecution further alleged the offenses involved a pattern of related felony conduct with the taking of more than $500,000. (§ 186.11, subds. (a)(1) & (a)(2).)

As part of a negotiated plea agreement, Dulin pleaded no contest to all counts as charged and admitted the allegations. The trial court imposed a total term of five years eight months in prison. The court further imposed a victim restitution fine of $1,984,771.63.

Dulin filed a timely notice of appeal and did not request a certificate of probable cause.

## B. Facts of the Offenses

According to the facts set forth in the probation report, Dulin was an employee at Lord & Sons, a private company in San Jose. In 2018, the CEO of Lord & Sons reported to police that Dulin had been stealing money from the company by writing checks from company accounts to himself and an entity he owned. He also incurred unauthorized charges on his corporate credit card by making purchases at The Home Depot stores. The CEO estimated the total losses at approximately $1.3 million.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106. We find no arguable issue on appeal, and we conclude appellate counsel has fully complied with his responsibilities. (*Wende,* at p. 441.)

For the reasons above, we will affirm the judgment.

## III. DISPOSITION

The judgment is affirmed.

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Lie, J.

People v. Dulin
No. H048768